[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13214

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE RAMON VALERO, JR.,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:21-cr-00013-JRH-BKE-1

_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Ramon Valero, Jr., appeals his sentence for conspiracy to possess with intent to distribute and to distribute more than 50 kilograms of marijuana and possession of firearms in furtherance of a drug-trafficking crime. He argues that a discrepancy between the conditions of supervised release orally imposed by the district court at sentencing and the conditions listed in the written judgment violates his right to due process, and he asks us to remand for the district court to either correct its written judgment or resentence him. In response, the government has moved to dismiss this appeal pursuant to the sentence-appeal waiver in Valero's plea agreement. We grant the motion to dismiss but remand for the district court to correct its written judgment.

We review the scope and validity of a sentence appeal waiver de novo. *United States v. Read*, 118 F.4th 1317, 1320 (11th Cir. 2024); *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We will enforce a sentence appeal waiver if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). A valid appeal waiver waives "the right to appeal difficult or debatable legal issues"—including constitutional issues—"or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005); *see United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006).

Here, it is evident from the record that Valero knowingly and voluntarily waived the right to appeal his sentence. In the plea agreement, which Valero read, reviewed with his attorney, and signed, he agreed to "entirely waive[] his right to a direct appeal of his conviction and sentence on any ground," with a few exceptions that do not apply here. The district court discussed the plea agreement—including specifically the appeal-waiver provision—with Valero and confirmed that he understood "that he was giving up his right to appeal under most circumstances." *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (quotation and emphasis omitted). To the extent that Valero makes a procedural due process challenge to the oral pronouncement of his sentence, his argument is barred by his appeal waiver. *See Read*, 118 F.4th at 1321–22; *Bascomb*, 451 F.3d at 1297.

But Valero has also identified a conflict between the district court's orally pronounced sentence and the written judgment. Specifically, during its oral pronouncement of sentence, the district court imposed a three-year term of supervised release with (among other conditions) "the standard conditions of supervision adopted by this court." The parties agree that the district court's oral pronouncement referred to a list of supervised-release conditions provided in the court's local rules at the time of sentencing.[1] The

---

[1] *See* S.D. Ga. Crim. R. 32.1 (2022), https://web.achive.org/web/20230721060023/https:/www.gasd.uscourts.gov/criminal-cases-local-rules (archived July 21, 2023) [https://perma.cc/J9U7-S8XL]; Appellant's Br. at 4–9; Appellee's Br. at 4 n.2, 6.

written judgment included 13 "standard conditions of supervision" that were apparently drawn from the United States Sentencing Commission's Sentencing Guidelines. *See* U.S.S.G. § 5D1.3(c) (2022). The conditions of supervision adopted by the district court in its local rules were slightly different than the conditions in the written judgment.

When a written criminal judgment conflicts with the district court's unambiguous oral pronouncement of the sentence, "the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). We generally treat a conflict between the written judgment and the oral pronouncement as a "clerical error" in the written judgment that can be rectified in the district court pursuant to Rule 36 of the Federal Rules of Criminal Procedure. *See Read*, 118 F.4th at 1322; *United States v. Portillo*, 363 F.3d 1161, 1164–65 (11th Cir. 2004). If we determine on appeal that such an error exists, "we remand with instructions for the district court to correct the judgment" to conform with the oral pronouncement. *Read*, 118 F.4th at 1322; *Bates*, 213 F.3d at 1340.

We emphasize that the district court here did not simply fail to orally pronounce in detail the conditions of supervision it imposed in its written judgment. *See Read*, 118 F.4th at 1321 (concluding that a similar claim was barred by the defendant's sentence appeal waiver). Instead, the district court at sentencing orally and unambiguously imposed one set of supervised release conditions—those adopted by the court in its local rules—and included a different set of conditions in its written order. Accordingly, although we

23-13214            Opinion of the Court            5

dismiss the appeal, we also remand to the district court to correct the written judgment.

The government's motion to dismiss this appeal is GRANTED. We REMAND for the district court to correct the written judgment to conform with the oral pronouncement of sentence.

**DISMISSED and REMANDED.**